County, entered August 20, 1979, which, upon a jury verdict, is in favor of (a) the infant plaintiff in the principal sum of $35,000 and (b) Edna Wedin in the sum of $2,112, and (2) from a prior order of the same court, dated April 20, 1979, which denied their motion to set aside the jury verdict as insufficient and inadequate. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment insofar as it is in favor of plaintiff Edna Wedin affirmed, without costs or disbursements. Judgment insofar as it is in favor of the infant plaintiff reversed, on the law, without costs or disbursements, and, as between said plaintiff and defendants, action severed and new trial granted limited to the issue of damages only unless, within 30 days after service upon defendants of a copy of the order to be made hereon, with notice of entry, defendants shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of the infant plaintiff to $100,000, and to the entry of an amended judgment accordingly, in which event the judgment in favor of the infant plaintiff, as so increased and amended, is affirmed, without costs or disbursements. The damages awarded the infant plaintiff were inadequate to the extent indicated herein. Damiani, J. P., Gibbons, Margett and O'Connor, JJ., concur.

■ MORTON N. WEKSTEIN et al., Appellants, v MILTON L. ROMM, Respondent. — In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered June 20, 1980, which denied their motion for summary judgment and to dismiss the affirmative defenses and counterclaims. Order modified, on the law, by adding after the words "motion is denied" the following: "except it is granted only as to the first affirmative defense, which is dismissed". As so modified, order affirmed, without costs or disbursements". The amended complaint adequately states a cause of action against defendants. As such, the affirmative defense that a cause of action was not stated, based on plaintiffs' failure to assert compliance with the New York Code of Professional Responsibility, must be dismissed. Titone, J. P., Lazer, Mangano and Cohalan, JJ., concur.

■ LOUIS WILLINGER et al., Appellants, v SALEH O. MUSAIBLI, Respondent. (Action No. 1.) SALEH O. MUSAIBLI, Respondent, v LOUIS WILLINGER et al., Appellants. (Action No. 2.) — In two actions, the first to recover on a mortgage note, and the second to recover damages for fraudulent concealment and breach of warranty, plaintiffs in the first action (who are the defendants in the second action) appeal from an order of the Supreme Court, Westchester County, dated January 9, 1980, which denied their motion for summary judgment in both actions. Order affirmed, with $50 costs and disbursements. No opinion. Hopkins, J. P., Titone and Lazer, JJ., concur.

Cohalan, J., dissents and votes to modify the order by granting summary judgment to the appellants in the first action and granting leave to them to renew their motion for summary judgment in the second action on proper papers with adequate notice to the respondent, with the following memorandum: In seeking to oppose the sellers' (appellants) motion for summary judgment on a mortgage note, the buyer (respondent) has come forward with only conclusory allegations that the sellers fraudulently concealed structural defects from him. No evidentiary facts in support of these assertions have been submitted. In the absence of such factual allegations showing a bona fide issue of fact requiring trial, summary judgment should have been granted in this action (Action No. 1) *(Rosenberg v Del-Mar Div., Champion Int. Corp.,* 56 AD2d 576; *Mallad Constr. Corp. v County Fed. Sav. & Loan*